**Robert BEST, Appellant,**

**v.**

**STATE of Oklahoma and Peter Douglas, Warden, Lexington Correctional Center, Oklahoma Department of Corrections, Appellees.**

**No. 65110.**

Court of Appeals of Oklahoma.

March 31, 1987.

Robert Best, pro se.

Michael C. Turpen, Atty. Gen., Rozia M. McKinney, Asst. Atty. Gen., Oklahoma City, for appellees.

BACON, Judge.

This appeal is brought by a convicted felon while an inmate at the Oklahoma State Penitentiary at McAlester. The inmate had been caught with $300 in cash in a tube that was taped inside his pocket. The $300 was confiscated and deposited in the inmates' welfare fund pursuant to Department of Corrections Policy No. OP–040109(2)(A)(2).

This "lawsuit" was commenced by filing a piece of paper titled "Petition for Conversion." It names as defendant, "Pete Douglas, Warden LCC, et al." Presumedly, it attempts to allege a suit for conversion and prays for delivery of the money, plus interest, plus compensation for the inmate's time "expended in pursuit of the property." The trial court dismissed the action and the inmate appeals.

■ The "propositions" of error raised by the inmate are ludicrous to say the least. Among his arguments is one that he was denied due process because he was denied the right to be transported from the prison to the courthouse to be personally present on a motion to dismiss. Such an argument deserves no further comment than to simply say it is frivolous. His other "propositions" have no more merit than his due process argument.

■ Oklahoma law clearly and necessarily gives the Director of the Oklahoma Department of Corrections the right to "prescribe rules for the conduct, management and operation of each institution." 57 O.S. 1981 § 21. This same statute further makes this convicted felon guilty of another felony by having cash in his possession while in a state penal institution. Section 21 makes the money contraband just as if it was a gun, knife, bomb, or narcotic. Under these circumstances, we conclude that the confiscation was not only necessary and proper, but was not a denial of the inmate's constitutional rights.

■ This convicted felon apparently thinks he has some special rights in court that law-abiding and taxpaying citizens do not have. Convicted felons who are inmates are also subject to the same laws that law-abiding and taxpaying citizens are subject to, and that is, when there is a frivolous appeal, costs can be awarded against the party making the frivolous appeal. We conclude that not only this suit but this appeal is frivolous and a waste of the attorney general's time, the trial court's time, and our time. The appellant is hereby directed to pay the costs of this appeal.

Affirmed.

REIF, J., concurs.

MEANS, P.J., concurs in part and dissents in part.

MEANS, P.J., concurring in part and dissenting in part

I concur only in affirming the trial court's order of dismissal.